UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **ALBERT GONZALEZ** | ) | Case No: 1:23-cv-00012-SEB-TAB |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **JAYCO, INC., and** | ) | |
| **RICHARDON'S RV CENTERS, INC.** | ) | |
| | ) | |
| **Defendants,** | ) | **JURY TRIAL DEMANDED** |

## AGREED AMENDED COMPLAINT

Comes now Albert Gonzales ("Plaintiff" and/or "Mr. Gonzalez"), and with written consent of Defendants as per Fed. R. Civ. P. 15, and files his Agreed Amended Complaint against Jayco Inc. ("Jayco") and Richardsons' RV Centers Inc. ("Richardson RV").

## INTRODUCTION

1. Plaintiff, Albert Gonzalez, resident of San Bernardino County, entered into the contract in the above-entitled case in the City of Arlington, State of California.

2. Defendant, JAYCO, INC. is a motor home manufacturer and distributor doing business in the State of California, County of Riverside. Defendant, RICHARDONS' RV CENTERS INC. ("RICHARDSON RV") is a business entity, form unknown, doing business in the State of California, and engaged in business as a retail automobile dealership.

The underlying Complaint was originally filed on June 10, 2022, in the Superior Court of California in and for the County of Riverside as Case No. CVR12202360. On September 26, 2022, the Court issued its *Notice of Ruling on Defendant's Motion to Stay Action – Pursuant to C.C.P. §410.30 – Based on Grounds of Inconvenient Forum* (**Exhibit A**) wherein the Court granted Defendants' Motion to Stay the California Action on the grounds of inconvenient forum

1

COMPLAINT

due to a mandatory forum selection clause in Defendants' warranty that requires all actions to be filed in Indiana. Plaintiff now files the California Action in the present Court.

The California Court's *Notice* furthermore states that Defendants agree to stipulate in Indiana Court to the application California statutes regarding Song-Beverly and CLRA, and if this Court declines to apply the California claims the Plaintiff can return to the originating California Court. **Exhibit A, p. 8, ¶2.** Defendants furthermore stipulated they would not seek to enforce a jury waiver if the case were heard in an Indiana Court, and Plaintiff as so demanded a Trial By Jury. **Exhibit A, p. 12, ¶11.**

### I. FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS: VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT

5. Plaintiff expressly incorporates the preceding paragraphs as though set forth fully in this cause of action.

6. In 2021, JAYCO manufactured the following consumer goods item: 2021 Highland Ridge Mesa RIDGE LTD, Trailer Identification Number 58TBH0BT5M31F3106 ("TRAILER"). JAYCO manufactured this TRAILER for its eventual sale/lease to retail buyers. Defendant JAYCO appended to this TRAILER an express warranty, undertaking to preserve or maintain the utility or performance of the TRAILER by means of a written statement designed to accompany the TRAILER.

7. On or about June 11th, 2021, in the State of California, a retail merchant, RICHARDSONS' RV CENTER INC. ("RICHARDSON RV") sold this new TRAILER to Plaintiff for their personal use. The TRAILER was sold for the purchase price of $61,902.25. The TRAILER came with the standard new warranty.

8. In connection with this purchase transaction, Plaintiff received the express warranty from JAYCO in the written statement of Defendant JAYCO which accompanied the product.

9. Plaintiff subsequently discovered that the TRAILER failed to conform to JAYCO's specifications, in that it was defectively manufactured, designed and/or assembled. Plaintiff thereon attempted to act on the express warranty, as subject to the requirements of California's Song-Beverly Act (the "Act"), under which Defendants, JAYCO was required to and did maintain local service and repair facilities.

10. Plaintiff is experiencing reoccurring severe build quality issues related to the main function of the TRAILER, along with other mechanical and battery charging issues. These defects substantially impair the use, value and/or safety of the TRAILER.

11. On or about September 16th, 2021, Plaintiff presented the TRAILER to RICHARDSON RV for repairs concerning 1) the bad control board on the TRAILER; 2) the battery doesn't hold a charge overnight; 3) the rubber seal on the window in front of P/S Slide out is falling out; 4) the sound bar doesn't shut off; 5) both air conditioning units fail to blow cold air; 6) the living room air conditioning system leaks water inside TRAILER and caused irreversible damage to kitchen island; 7) the P/S Slide out leaks when it rains while the Slide out is fully extended and used as intended; 8) the D/S rear slide out gets cockeyed and pauses, and you have to manually push the slider out to have it fully extend; the TRAILER remained at RICHARDSON RV for repairs for 35 days.

12. On or about February 7th, 2022, Plaintiff presented the TRAILER to RICHARDSON RV for repairs to 1) R/I fascia is coming loose; 2) the linoleum on living room slide, left corner getting ripped underneath; 3) there were chips in the finish on large cabinet door, and rear of the living area due to bad hinges; 4) the soundbar does not shut off – Plaintiff notified dealer again of the issue; 5) the molding above kitchen cabinets are coming loose in some spots; 6) the master bedroom ceiling is leaking water – there are water stains on the ceiling and wall; this was the second time this was a reported complaint for severe issues causing water leaks and for built

quality concerns. The TRAILER remained at RICHARDSON RV until February 16, 2022, and out of service to Plaintiff for 9 days.

13. On or about February 18th, 2022, Plaintiff presented the TRAILER to RICHARDSON RV for repairs because: 1) the wall on the living room slide to the left of the dinette was also damaged by the previous water damage, Plaintiff forgot to mention on the previous visit; 2) coax cable was caught in televator. R/R Coax rerouted properly and secured down to ensure it wouldn't get stuck again; 3) there is an issue with the soundbar not shutting off – it only happens when it is left on for a long time; 5) the shade over couch on the right-hand side are not going up – the tension screws are stripped out and are not holding tension. RICHARDSON RV fixed stripped holes and added proper tension and cut away excess cord; 6) RICHARDSON RV notified that all repairs have been done, but once again Plaintiff is told that the Soundbar is working as designed. This was the third (3) complaint for the severe issues caused by previous water leaks due to the defective slider as well as the kitchen water damage and for built quality concerns as well as the soundbar issue. The TRAILER remained at RICHARDSON RV and out of service to the Plaintiff until February 22, 2022, for 4 days.

14. On or about April 5th, 2022, Plaintiff presented the TRAILER to RICHARDSON RV for repairs because: 1) the slide cable brackets needed adjusting and the damaged wall needed to be replaced because of the water leaks; 2) the slide is still not working correctly and makes loud noises – RICHARDSON RV found that the motor had failed – RICHARDSON RV replaced and reinstalled the motor and ran tests. Plaintiff had the TRAILER at RICHARDSON RV for repairs unable to be used for 16 days.

15. On or about May 18th, 2022, Plaintiff presented the TRAILER to RICHARDSON RV for repairs because; 1) The living room slideouts that were repaired on the previous visit are getting stuck once again; 2) the forward side wasn't moving – it made a loud clunk sound and

then started moving; 3) The television doesn't turn on – RICHARDSON RV informed Plaintiff that the trailer must be plugged into 110V AC Power for the television to turn on; 4) the fireplace wasn't turning on 5) the wallpaper to the left of dinette was coming loose again - this was previously repaired – now the panel is separating again; 6) the bunk house slide forward fascia silicone next to the fascia is coming off; 7) the rear awning arm on the rearmost awning is getting stuck at the bottom; 8) the shade on the window next to dinette - the holder came loose on the bottom.

16. On or about June 1st, Plaintiff spoke to a representative from RICHARDSON RV about the status of his repairs. RICHARDSON RV advised Plaintiff that the wall panel replacement parts have not arrived, and that Plaintiff could come to pick up the TRAILER while RICHARDSON RV waited for the parts to arrive.

17. As of June 7th, 2022, Plaintiff waited 20 days to repair the damage caused by a severely defective and poorly constructed TRAILER that was consequentially damaged when it rained on or about February of 2022.

18. Plaintiff has very real and serious concerns that the subject TRAILER is unreliable to drive in its current condition due to the problems with the TRAILER, including without limitation, the ongoing severe build quality concerns, including slide issues, and. Neither JAYCO nor RICHARDSON RV have successfully repaired the TRAILER'S defects as of this date or replaced the TRAILER. Plaintiff hereby tender return of the TRAILER and reject any acceptance of said TRAILER based on Defendants' failure to cure the severe defects as promised.

19. On or about May 18th, 2019, Defendant JAYCO willfully violated the provisions of the Act and breached the express and implied warranties made to Plaintiff, including the implied warranties of merchantability and fitness for use, by failing to repair the TRAILER. By this time,

Plaintiff had Five (5) repair invoices and the TRAILER had been at RICHARDSON RV for approximately **90 days** to remedy the severely defective and damaged TRAILER, including slide issues, and the electric power delivery issues. In addition, Defendants failed to return the consideration paid by Plaintiff or failed to replace the defective TRAILER. Plaintiff performed all conditions precedent necessary to require the contractual performance of services by Defendant JAYCO. Plaintiff gave notification to Defendant, but Defendant, although receiving such notification, failed to replace the TRAILER or return the consideration paid, although Plaintiff persisted in reminding the Defendant of their warranty obligations.

20. The complaints that Plaintiff have had with the TRAILER, as described above, substantially impair the use, value and/or safety of the TRAILER, and thus constitute nonconformity within the meaning intended in <u>California Civil Code</u> §1793 (e)(4)(A).

21. Plaintiff was damaged as a result of such willful violation in that Plaintiff were obligated, and have paid Defendant JAYCO the sum of not less than $61,902.25 and have incurred incidental and consequential damages, including, without limitation, attorney's fees, costs and expenses under Song-Beverly**.**

22. By May 18th, 2022, Plaintiff's notice of violation, Defendants willfully violated the Song Beverly Consumer Warranty Act in that Plaintiff had attempted to have the severely defective build quality concerns, including slide issues, and electrical power delivery systems repaired for nonconformities by the manufacturer or its agents on four occasions and for a period of **90 days** out of service to Plaintiff. **As of today's date, the TRAILER has been out of service to Plaintiff for approximately 251 days**. As a proximate result of Defendants' willful failure to observe their obligations under the Song-Beverly Act, as alleged, Plaintiff is entitled to a civil penalty of not less than two times the amount of actual damages, along with reasonable attorney fees according to proof, against Defendants.

## II. SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS: BREACH OF IMPLIED WARRANTIES PURSUANT TO SONG-BEVERLY CONSUMER WARRANTY ACT

23. Plaintiff expressly incorporates the preceding paragraphs as though set forth in full in this paragraph.

24. Based upon the facts as described above, Plaintiff was sold a product that was neither merchantable, nor fit for the purposes it was ordinarily used, as they clearly stated to TRAILER. California Civil Code §1791.1 reads, in part, as follows:

> "(a) 'Implied warranty of merchantability' or 'implied warranty that goods are merchantable' means that the consumer goods meet each of the following"
>
> ….. (2) Are fit for the ordinary purposes for which goods are used."

"(b) 'Implied warranty of fitness' means (1) that when the retailer, distributor, or manufacturer has reason to know any particular purpose for which the consumer goods are required, and further, that the buyer is relying on the skill and judgment of the seller to select and furnish suitable goods, then there is an implied warranty that the goods shall be fit for such purpose.

25. On or about June 11, 2021, Defendants JAYCO and RICHARDSON RV breached the implied warranty made to Plaintiff by injecting into the stream of commerce, for ultimate retail purchase, goods which did not conform to the implied warranties of merchantability and fitness, and by failing to furnish a TRAILER suitable to Plaintiff's needs and purposes. Plaintiff required and requested, and believed they were purchasing, a reliable and safe TRAILER. In fact, subject TRAILER has severe build quality concerns that lead to the completely damaged TRAILER, and the power delivery system problems. In addition, Defendant RICHARDSON RV failed to return the consideration paid by Plaintiff as requested by Plaintiff. Plaintiff has performed all conditions precedent necessary to require the contractual performance of services

by Defendant RICHARDSON RV. Plaintiff gave notification to Defendant, but these Defendant, although receiving such notification, refused to return the consideration paid, although Plaintiff persisted in demanding that the Defendant honor their warranty obligations.

26. The complaints that Plaintiff has had with the subject TRAILER, as described above, substantially impair the use, value and/or safety of the TRAILER to the buyer, and thus constitute nonconformities within the meaning intended in California Civil Code §1793.2(e)(4)(A).

27. Plaintiff was damaged as a result of such willful violation in that Plaintiff was obligated and has paid Defendant RICHARDSON RV the sum of not less than $61,902.25 and has incurred incidental and consequential damages, including, without limitation, attorney's fees, costs and expenses.

### III. THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS: BREACH OF EXPRESS AND IMPLIED WARRANTIES PURSUANT TO MAGNUSON-MOSS CONSUMER WARRANTY ACT

28. Plaintiff expressly incorporates preceding paragraphs as though set forth fully in the cause of action.

29. On or about the year 2021, JAYCO manufactured the following consumer goods item: 2021 Highland Ridge MESA RIDGE LTD, TRAILER Identification Number 58TBH0BT5M31F3106 ("TRAILER"). Defendant JAYCO manufactured this TRAILER for its eventual sale to retail buyers. Defendants JAYCO and RICHARDSON RV included with the sale of this TRAILER express warranties, undertaking to preserve or maintain the utility or performance of the TRAILER by means of written statements designed to accompany the TRAILER.

30. In connection with this sales transaction, Plaintiff received the express warranties of Defendants JAYCO and RICHARDSON RV in the written statement of Defendants, which accompanied the product.

31. From the date of delivery the subject TRAILER failed to conform to Defendant JAYCO's specifications, in that it was defectively manufactured, designed and/or assembled.

32. Plaintiff experienced severe problems with the TRAILER immediately following the purchase and continuing to the present, which have substantially impaired the use, value and safety of the TRAILER to the buyers.

33. Plaintiff delivered the TRAILER to RICHARDSON RV for countless issues, including the severe build quality concerns and grey and power delivery system issues on September 16, 2021, February 7, 2022, February 18, 2022, April 5, 2022, May 18, 2022, as alleged in paragraphs 11 through 17.

34. By March 18th, 2022, Plaintiff attempted to have the numerous problems repaired for nonconformities by JAYCO and RICHARDSON RV on four (4) occasions and for a period of 90 days out of service to Plaintiff.

36. Through the conduct alleged above, Defendants, and each of them, have violated and breached express and implied warranties under the Magnuson-Moss Consumer Warranty Act provisions under 15 U.S.C.A. §2301 et seq.

### IV. RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays for judgment as follows:

### FOR THE FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS:

1. For three times general and special damages according to proof;

2. For incidental and consequential damages pursuant to Commercial Code §2715 according to proof;

3. For reasonable attorney's fees as provided by Civil Code §1794;

4. For costs of suit herein and expenses; and,

5. For such other and further relief as the Court may deem proper.

**FOR THE SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS:**

1. For general and special damages according to proof as provided by California Civil Code beginning at §1794;

2. For incidental and consequential damages pursuant to California Commercial Code §2715 according to proof;

3. For general damages according to proof, and specifically as allowed by California Commercial Code §2715(b);

4. For reasonable attorney fees as provided by California Civil Code §1794;

5. For costs of suit herein; and

6. For such other and further relief as the Court may deem proper.

**FOR THE THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS:**

1. For general and special damages according to proof as provided by 15 USCA Section 2310;

2. For reasonable attorney fees as provided by 15 USCA Section 2310;

3. For such civil penalties as may be available under California law;

4. For costs of suit herein and expenses;

5. For such other and further relief as the Court may deem proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues alleged.

COMPLAINT

        Respectfully submitted,

*[signature]*

Keith Hagan
Hofer Hagan LLP
8888 Keystone Crossing
Suite 1300
Indianapolis, IN 46240
keith@hoferhagan.com
(317) 531-4575

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Katlyn Foust Hunneshagen, Counsel for Defendants, and I hereby certify that I have mailed by United States Postal Service the document to the following CM/ECF participants: N/A.

*[signature]*

Keith Hagan
Hofer Hagan LLP
8888 Keystone Crossing
Suite 1300
Indianapolis, IN 46240
keith@hoferhagan.com
(317) 531-4575

11

COMPLAINT