**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ALBERT GONZALES )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAYCO, INC., and )<br>RICHARDSON'S RV CENTERS, INC. )<br>)<br>Defendants. ) | Case No: 1:23-cv-00012-SEB-TAB |

## MOTION TO CHANGE VENUE

Defendants, Jayco, Inc. and Richardson's RV Centers, Inc. (collectively "Defendants"), by counsel, and pursuant to 28 U.S.C. §§ 1391 and 1404, respectfully move this Court to transfer this action to the Northern District of Indiana. In support of this Motion, Defendants state as follows:

### INTRODUCTION AND FACTS

1. Plaintiff, Albert Gonzales ("Plaintiff") is a resident of San Bernardino County, California. (*See* Exhibit "A", Plaintiff's Amended Complaint, ¶ 1.)

2. At all times relevant, Jayco, Inc. ("Jayco"), was and is an Indiana Corporation doing business in the State of Indiana. (*See* Exhibit "B," a true and accurate copy of the business information of Jayco, Inc.).

1. At all times relevant, Richardson's RV Centers, Inc. was a California Corporation doing business in the State of California. (*See* Ex. A, ¶ 2.)

3. In 2021, Highland Ridge RV, a subsidiary of Jayco, Inc., manufactured a 2021 Highland Ridge Mesa Ridge LTD (the "RV"), with an identification number of 58TBH0BT5M31F3106. (*See* Ex. A, ¶ 6.)

4. The RV was manufactured in Shipshewana, Indiana. (*See,* Exhibit "C," a true and

accurate copy of the final production document for the subject RV).

5. On June 11, 2021, Plaintiff purchased the RV from Richardson's RV Centers, Inc.("Richardson's"), located in San Bernadino, California. Richardson's RV Center, Inc. is an authorized Jayco dealer. (*See* Ex. A, ¶ 7.).

6. Jayco supplied Plaintiff with a written warranty upon the purchase of the RV. (Ex. A, ¶ 6).

7. Following the purchase of his RV, Plaintiff alleges he suffered certain issues with the RV. (*See generally,* Ex. A).

8. Plaintiff filed a Complaint on June 10, 2022, in the Superior Court of California for the County of Riverside. Mr. Gonzalez's Complaint raised the following causes of action:

   a. Violation of the Song-Beverly Consumer Warranty Act
   b. Breach of implied warranties pursuant to the Song-Beverly Consumer Warranty Act;
   c. Breach of express and implied warranties pursuant to the Magnuson-Moss Consumer Warranty Act;

(*See generally,* Ex. A).

9. Pursuant to a mandatory forum selection clause contained in Defendants' warranty that required all actions to be filed in Indiana, Mr. Gonzalez transferred this matter from the Superior Court of California to the Marion Superior Court, Civil Division 4, Marion County, Indiana. (*See generally,* Ex. A.)

10. On or about January 3, 2023, this action was removed from State Court to the United States District Court, Southern District of Indiana, Indianapolis Division, the district court encompassing Marion County, pursuant to 28 U.S.C.S. § 1441(a). (*See* Exhibit "D", Defendants' Notice of Removal.)

11. The basis of removal was original jurisdiction and supplemental jurisdiction, as the

Complaint set forth a claim under the Magnuson-Moss Warranty Act and corresponding state law causes of action. (*See* Ex. D). Plaintiff has not filed any action to request the matter be retained by Marion County, Indiana.

12. Defendants believe the Northern District of Indiana is the most appropriate and convenient forum for this matter and this case should be transferred from the Southern District of Indiana, Indianapolis Division, to the Northern District of Indiana, pursuant to 28 U.S.C. § 1404(a).

## I.   ARGUMENT

Pursuant to 28 U.S.C. § 1404(a) a district court may, for the convenience of parties and witnesses, transfer any civil action to any district or division where it might have been brought or to any other district or division to which all parties have consented. The Northern District of Indiana will serve the convenience of the parties, the witnesses, and the interests of justice and for those reasons this matter should be transferred to the Northern District of Indiana.

### *Standard of Review*

28 U.S.C. § 1404(a) grants a district court the discretion to adjudicate motions to transfer based upon an individualized, case-by-case basis of convenience and fairness. A trial court judge has discretion to weigh the factors for and against transfer when determining whether transfer is appropriate. *State Farm Mut. Auto. Ins. Co. v. Estate of Bussell*, 939 F. Supp 646, 651 (S.D. Ind. 1996).

Transfer is appropriate under 28 U.S.C. § 1404(a) where the moving party establishes (1) venue is proper in the transferor district, (2) venue and jurisdiction are proper in the transferee district, and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice. *Id.* The burden of establishing that the suggested forum is

more convenient for a Motion to Transfer rests upon the moving party. *See Heller Financial, Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (7th Cir. 1989).

Normally deference is given to a Plaintiff's forum selection, however, it should not be given deference if the plaintiff's chosen venue is not the plaintiff's home forum and has no connection to the underlying cause of action. *Hunter v. Big Rock Transp.,* 2008 U.S. Dist. LEXIS 38630 *5 (S.D. Ind. 2008).

### A. Venue is proper in the Southern District of Indiana.

When the parties have agreed to a valid forum section clause, the same establishes venue and a court should ordinarily transfer the case to the forum specified in that clause. *See Auto. Fin. Corp. v. Farmer*, 2002 U.S. Dist. LEXIS 13348 *7 (S.D. Ind. 2002); *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 62 (2013). Forum selection clauses are prima facie valid and should be enforced so long as the same were obtained thorough freely negotiated agreements and are not unreasonable or unjust. *Flexcel, Inc. v. COS 404, Inc.*, 458 F.Supp.2d 935, 939 (S.D. Ind. 2006).

The underlying Complaint in this action was originally filed on June 10, 2022, in the Superior Court of California in and for the County of Riverside. (*See* Ex. A.). Pursuant to the forum selection clause contained in Defendants' warranty that required all actions to be filed in Indiana, the Superior Court of California granted Defendants' Motion to Stay the California Action on the grounds of inconvenient forum. (*See* Ex. A.). Thereafter, Mr. Gonzalez filed his Complaint against Jayco, Inc., and Richardson's RV Centers, Inc. in the Marion Superior Court, Civil Division 4, Marion County, Indiana, despite neither party having any connections to Marion County, Indiana. (*See* Ex A.).

On or about January 3, 2023, Defendants removed this matter from Marion County to the Southern District of Indiana. (*See* Ex. C.) Removal was made to the Southern District of Indiana because the Southern District of Indiana was the district in which Marion County sits and this court has original jurisdiction pursuant to 28 U.S.C. § 1331 and the Magnuson-Moss Warranty Act. Plaintiff has not moved to have the matter retained by Marion County, nor have they disputed that jurisdiction is proper in the Southern District of Indiana. Venue is proper in the Southern District of Indiana and Defendants have established the first prong to transfer venue to the Northern District of Indiana.

### B.  *Venue and jurisdiction are also proper in the Northern District of Indiana.*

For a court to have authority to hear a case, both subject matter jurisdiction and personal jurisdiction must exist. Federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treatises of the United States. 28 U.S.C. § 1331. Personal jurisdiction may be exercised over a corporation in the state of its incorporation and the state in which its principal place of business is located. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (U.S. 2011). Similar to venue, personal jurisdiction is a waivable right and a party may consent to the court's jurisdiction through a forum selection clause. *Am. Commer. Barge Line, LLC v. Louis Dreyfus Co. LLC*, 2020 U.S. Dist. LEXIS 257072 *10 (S.D. Ind. 2020). Once jurisdiction is established, generally, pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in any judicial district where a substantial part of the events or omissions giving rise to the claim occurred or in any judicial district in which any defendant is subject to the court's personal jurisdiction.

The Northern District of Indiana has subject matter jurisdiction over this matter because Plaintiff has raised a claim under the Magnuson-Moss Warranty Act. 28 U.S.C. § 1331; 15 U.S.C.

§ 2310(d)(3)(B) (Ex. A). It, furthermore, has supplemental jurisdiction over the state law claims raised by Plaintiff. 28 U.S.C. § 1331; 28 U.S.C. 1367; 15 U.S.C. § 2310(d)(3)(B) (Ex. A).

The Northern District of Indiana also has personal jurisdiction over the parties. The parties waived personal jurisdiction in this matter through the forum selection clause. *Am. Commer. Barge Line, LLC* at *10. In addition, Jayco, Inc.'s headquarters are in the Northern District of Indiana. The subject vehicle was manufactured in LaGrange County, Indiana and all warranty claims were processed at Jayco's headquarters in Elkhart County, Indiana. (*See* Ex. B.)

Accordingly, venue and jurisdiction are proper in the Northern District of Indiana, and Jayco has met the first two prongs to obtain a transfer to the Northern District of Indiana.

### C. *Transfer to the Northern District of Indiana serves the convenience of the parties, the witnesses, and the interests of justice.*

The purpose of a change of venue under 28 U.S.C.S. § 1404(a) is to prevent the waste of time, energy, and money, to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Somers v. Flash Tech, Corp. of Am.*, 2000 U.S. Dist. LEXIS 13094 *3 (S.D. Ind. 2000). When determining whether a proposed transferee district is more convenient than the transferor district, a district court must consider the convenience of the parties, the convenience of the witnesses, and the interest of justice in light of all the circumstances of the case. 28 U.S.C.S. § 1404(a).

#### 1. *The Northern District of Indiana is more convenient to the parties and witnesses than the Southern District of Indiana.*

Convenience considerations include the number of witnesses involved, travel distances and associated costs for these witnesses, the willingness of the witnesses to appear, or whether the witness is within the court's reach to compel appearance. *Id.* at 6-7. Convenience of the parties is often the most important factor in deciding whether to transfer venue. *Id.* at 6.

6

Mr. Gonzalez does not reside in the Southern District of Indiana nor does the Southern District of Indiana share any connection to this matter. Mr. Gonzalez's claims arise out of the manufacturing and assembly of the trailer in the Northern District of Indiana. (Ex. A, Ex. B). The relevant events at issue occurred in LaGrange and Elkhart Counties in Indiana, both of which are encompassed by the Northern District of Indiana. (*See* Exhibit B).

Discovery has not begun, but it is anticipated, however, agents and/or employees of Jayco, Inc. will serve as witnesses in this matter, all of whom are located in or around the Northern District of Indiana. (*See* Ex. B and Ex. C.) There are no witnesses who may be called on behalf of the Defendants who reside in the Southern District of Indiana. In fact, it is anticipated there are no witnesses to this matter, who may be called by any party, who reside in the Southern District of Indiana as the same has no connection to the underlying claims in this matter. Additionally, the number of witnesses who reside in or around the Northern District of Indiana is likely to exceed the number of witness located outside. Therefore, the Northern District of Indiana serves the convenience of the witnesses.

Finally, under Federal Rule of Civil Procedure 45, the Southern District of Indiana may not even have subpoena power over several potential witnesses. A witness may only be subpoenaed to testify at a trial, hearing, or deposition, within 100 miles of where they reside, is employed, or regularly transacts business, or would not incur a substantial expense to attend trial F.R.C.P 45(c)(1)(A); 45(c)(1)(B). As Jayco is headquartered in Elkhart County, Indiana and the RV was manufactured in LaGrange County, Indiana, all witnesses for Jayco are located employed in Elkhart and LaGrange County. (*See* Ex. B and Ex. C.) Both counties are more than 100 miles from the Southern District of Indiana, Indianapolis Division. In addition, requiring witnesses to

travel over a hundred miles to attend a trial, incurring milage fees, meals, and a possible hotel stay, in a substantial cost.

Accordingly, it is not convenient for the witnesses, nor the parties for this matter to remain in the Southern District of Indiana.

2. *Transfer to the Northern District of Indiana is required by the interest of justice.*

Transfer to the Northern District of Indiana also serves the interest of justice. Determining whether a transfer of a case would comport with the interest of justice generally includes a discussion of concerns such as ensuring a speedy trial, trying related litigation together, and having a judge who is familiar with the applicable law try the case. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). The interest of justice, however, "is a broad concept encompassing a variety of considerations and is best served when the court efficiency is served. . . " *Am. Commer. Lines, LLC v. Northeast Mar. Inst., Inc.*, 588 F. Supp. 2d 935, 947 (S.D. Ind. 2008).

Jayco, Inc.'s headquarters are located in the Northern District of Indiana and all relevant events concerning the manufacturing and assembly of the RV at issue occurred in the Northern District of Indiana. A significant number of witnesses are likely to reside in or around the Northern District of Indiana. Ensuring the venue of the trial and allowing for the convenience of the witnesses is likely to expedite the discovery of this matter, along with the potential trial.

Furthermore, several RV manufacturers are located within the Northern District of Indiana due to forum selection clauses with the written warranties of the manufacturers. As such, the Northern District of Indiana regularly hears cases such as Plaintiff's.

In addition, jury duty is a burden that "ought not to be imposed upon the people of a community which has no relation to the litigation," it would be more appropriate for residents of

8

the Northern District of Indiana to bear the burden of jury duty in this matter. *Hunter*, 2008 U.S. Dist. LEXIS 38630 at *10 (quoting *Chicago, R.I. & P.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955). Therefore, transfer to the Northern District of Indiana is required to support an efficient functioning of the courts in this matter and to support the interest of justice.

Defendants have established all necessary prongs to necessitate a transfer to the Northern District of Indiana.

## II. CONCLUSION

The Northern District of Indiana will serve the convenience of the parties, the witnesses, and the interests of justice. This matter should be transferred to the Northern District of Indiana. Neither Plaintiff, nor any facts relevant to this dispute have a connection to the Southern District of Indiana. The RV at the center of this dispute was manufactured and assembled at Jayco, Inc.'s headquarters in the Northern District of Indiana. No witnesses are believed to be within the Southern District of Indiana. The Southern District may not even have subpoena power over several witnesses.

WHEREFORE, Jayco, Inc. and Richardson's RV Centers, Inc., by counsel, respectfully request the Court enter an Order transferring this matter from the Southern District of Indiana, Indianapolis Division, to the Northern District of Indiana, South Bend Division pursuant to 28 U.S.C. § 1404(a).

*/s/ Katlyn Foust Hunneshagen*
Katlyn Foust Hunneshagen (32593-75)
Attorney for Defendants

**MAY • OBERFELL • LORBER**
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN 46545
Telephone: (574) 243-4100
Facsimile: (574) 232-9789

9

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Keith Hagen, Esq., Counsel for Plaintiff.

                                             */s/ Katlyn Foust Hunneshagen*
                                             Katlyn Foust Hunneshagen